UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOYLE HOMES, INC. and JEFFREY DOYLE,

   Plaintiffs,

v.              Case No. 14-12933

SIGNATURE GROUP OF LIVINGSTON, INC.
ET AL.,

   Defendants.
               /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

  Plaintiffs Doyle Homes, Inc. and Jeffrey Doyle initiated the instant action against Defendants Signature Group of Livingston, Inc. ("Signature Group"), Gordon Builders, Thomas B. Coates, Jr., and Kevin Dyke and Kelly Dyke (the "Dykes") seeking damages and injunctive relief for copyright infringement in violation of 17 U.S.C. §§ 106, 501. (Dkt. # 1, Pg. ID 5.) Signature Group and the Dykes filed separate Rule 12(b)(6) motions to dismiss, both alleging that Plaintiffs failed to state a claim upon which relief may be granted because Plaintiffs did not allege copyright registration as required under 17 U.S.C. § 411(a) to institute their infringement suit. (Dkt. # 13, Pg. ID 46; Dkt. # 15, Pg. ID 54.) Plaintiffs responded, contending that Defendants' motions were untimely and that Plaintiffs had fulfilled the registration requirement by applying for registration prior to filing the suit. (Dkt. # 17, Pg. ID 74-76.) For the reasons discussed below, the court will grant both motions to dismiss.

## I. BACKGROUND

According to the complaint, in October 2013, the Dykes asked Plaintiffs to modify architectural drawings owned by Plaintiffs and to estimate the price for constructing a house on property owned by the Dykes. (Dkt. # 1, Pg. ID 3.) Plaintiffs modified the drawings (the "Plans") for $1,000.00. (*Id.*) Later that month, the Dykes informed Plaintiffs that they would be "going in a different direction." (*Id.* at 4.) In April 2014, Plaintiffs discovered that Signature Group was constructing for Defendants a residence based on architectural plans that were created by Thomas Coates and substantially the same as Plaintiffs' Plans. (*Id.*) Plaintiffs allege that "any modifications to the . . . Plans are minimal in substance and form and do not deviate in any meaningful way from the . . . Plans." (*Id.*) On April 30, 2014, Plaintiffs notified Defendants that the construction constituted copyright infringement and demanded that Defendants cease and desist from any use of the Plans. (*Id.*)

Doyle filed an application for copyright registration with the United States Copyright Office (the "Copyright Office") for the Plans on June 17, 2014. (*Id.* at 3.) Plaintiffs initiated this action over a month later on July 28, 2014. The Copyright Office has not yet registered the copyright. (*Id.*)

## II. STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive Defendants' motion to dismiss, the complaint must allege "[f]actual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). Accordingly, the court views the complaint in the light most favorable to the Plaintiffs and takes all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679.

## II. DISCUSSION

### A. Defendants' Motions to Dismiss Are Timely

Plaintiffs argue that Defendants' motions to dismiss should be dismissed as untimely. On September 28, 2014, the court entered a stipulated order extending the time for Defendants to answer Plaintiffs' complaint or otherwise plead to October 1, 2014. (Dkt. # 12, Pg. ID 39.) Signature Group filed its motion to dismiss on September 30, 2014, and the Dykes filed their motion to dismiss on October 1, 2014. Therefore, both motions are timely.

### B. Plaintiffs Failed to Allege Copyright Registration as Required by 17 U.S.C. § 411(a)

Under 17 U.S.C. § 106, a copyright owner has the "exclusive rights to do and to authorize any of the following:

> (1) to reproduce the copyrighted work in copies or phone records;
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies or phone records of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.

Anyone who violates any of these exclusive rights is deemed "an infringer of the copyright or right," and the copyright owner "is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(a)-(b). Pursuant to § 411(a), and subject to certain inapplicable exceptions, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration[1] or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The parties dispute whether Plaintiffs have adequately alleged the requirements set forth in 17 U.S.C. § 411(a).

In *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 165 (2010), the Supreme Court held that "[s]ection 411(a)'s registration requirement is *a precondition to filing a claim* that

---

[1] 17 U.S.C. § 408(f) provides that "the Register of Copyrights shall issue regulations to establish procedures for preregistration of a work that is being prepared for commercial distribution and has not been published." 17 U.S.C. § 408(f)(1); *see* 37 C.F.R. § 202.16 (prescribing "rules pertaining to the preregistration of copyright claims in works eligible for preregistration under Section 408(f) of 17 U.S.C.") Neither party contends that the Plans were eligible for preregistration.

4

does not restrict a federal court's subject-matter jurisdiction." *Id.* at 157 (emphasis added) (reversing a Second Circuit opinion holding that the registration requirement is jurisdictional in nature).[2] Plaintiffs contend that the meaning of "registration" is "very much in dispute" and advocate that the court find that a copyright is registered for the purposes of § 411(a) at the time a copyright claimant *applies* for a certificate of registration. (Dkt. # 17, Pg. ID 5.)

There is a circuit split as to whether a copyright is "registered at the time the copyright holder's application is received by the Copyright Office (the 'application approach'), or at the time the Office acts on the application . . . (the 'registration approach')."[3] *Cosmetic Ideas, Inc. V. IAC/Interactivecorp.*, 606 F.3d 612, 615 (9th Cir. 2010). The application approach has been adopted by the Ninth, Fifth, and Seventh Circuits. *Id.* at 621 (decided after *Reed Elsevier*); *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003); *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d

---

[2] Plaintiffs note that, in *Reed Elsevier*, the Court "decline[d] to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." 559 U.S. at 171. Here, the court does not raise the registration requirement *sua sponte*. Signature Group and the Dykes timely filed their Rule 12(b)(6) motions and raised Plaintiffs' failure to comply with § 411(a)'s registration requirement. Thus, the Court's holding that § 411(a)'s registration requirement is a prerequisite for instituting an infringement action is controlling.

[3] While some courts view the registration approach as requiring both that the Copyright Office act on the application and issue a certificate of registration, *see, e.g.*, *Cosmetic Ideas*, 606 F.3d at 615, the Tenth Circuit clarified "that registration is separate from the issuance of a registration certificate" and, therefore, § 411(a)'s precondition for suit "does not turn on the existence of a paper certificate, but rather on the fact of registration, however it is demonstrated." *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1202-03 (10th Cir. 2005). The court agrees with the Tenth Circuit and finds that the issuance of a certificate is not required for registration under the registration approach.

384, 386-87 (5th Cir. 1984). Meanwhile, the registration approach has been employed by the Tenth and Eleventh Circuits. *See La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1202-04 (10th Cir. 2005), *abrogated in part by Reed Elsevier*, 559 U.S. at 1243 n.2; *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1489 (11th Cir. 1990), *abrogated in part by Reed Elsevier*, 559 U.S. at 1243 n.2. The Sixth Circuit has not yet addressed this issue; however, another judge in the Eastern District of Michigan applied the registration approach after concluding, based on a review of the Sixth Circuit's copyright law decisions, "that the Sixth Circuit would favor the registration approach." *Hawaiian Vill. Computer Inc. v. Print Mgmt. Ptnrs, Inc.*, 501 F. Supp.2d 951, 954 (E.D. Mich. 2007) (Cox, J.) (relying on *Murray Hill Publications, Inv. v. ABC Comm., Inc.*, 264 F.3d 622, 630 (6th Cir. 2001), *abrogated in part by Reed Elsevier*, 559 U.S. at 1243 n.2, in which the Sixth Circuit held "that a copyright owner must formally register a derivative work . . . as a prerequisite to filing a suit for infringement of that derivative work"); *see also Teevee Toons, Inc. v. Overture Records*, 501 F. Supp.2d 964, 067-68 (E.D. Mich. 2007) (applying the registration approach based on the court's decision in *Hawaiian Village*).

To determine whether to apply the application or registration approach, the court begins with the language of the statute. "In interpreting a statute, we look first to its plain language." *Mwasaru v. Napolitano*, 619 F.3d 545, 549 (6th Cir. 2010) (internal quotation marks and alterations omitted); *cf. Murray Hill*, 264 F.3d at 630 ("We first look to the literal language of the copyright statutes."). "If the text of the statute may be read unambiguously and reasonably, our inquiry is at an end. However, it is a fundamental canon of statutory construction that the words of a statute must be read in their context

and with a view to their place in the overall statutory scheme." *Mwasaru*, 619 F.3d at 549 (internal quotation marks, citations, and alterations omitted). The court finds that the plain meaning of § 411(a) unambiguously supports the registration approach and that reading the word "registration" to have the atypical meaning ascribed to it under the application approach would require courts to give different occurrences of the term "registration" different meanings within the same statutory provision. Additionally, the court finds that the Fifth, Seventh, and Ninth Circuit opinions adopting the application approach do not provide persuasive reasons for construing the term "registration" against its plain meaning.

>Section 411(a) states in full:
>
>Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

17 U.S.C. § 411(a).

Under the registration approach, "registration" means an official entry in the copyright registry; meanwhile, under the application approach—as its name suggests—"registration" means the *delivery of an application* for entry in the copyright registry. The registration approach affords the term "registration" its plain meaning. Webster's Third New International Dictionary defines "registration" to mean, *inter alia*,

"an act or the fact of registering," "something registered," and "an entry in a register." Webster's Third New International Dictionary 1912 (1986). It defines "register" to mean, *inter alia*, "to record formally and exactly" and "to make or secure an official entry of in a register." Webster's Third New International Dictionary 1912 (1986). Similarly, Black's Law Dictionary defines "registration" to mean "[t]he act of recording or enrolling," and it defines "register" to mean "[t]o enter in a public registry" or "[t]o enroll formally." Black's Law Dictionary (9th ed. 2009).

For a copyright claim to be "recorded formally" and be "an entry in a registry," the United States Copyright Office must approve the application. Pursuant to § 410(a), the submission of an application is not by itself sufficient for registration to occur; rather, the Register of Copyrights registers the claim after determining that certain requirements are met. *See* 17 U.S.C. § 410(a) ("When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office.").

While some may use the term "to register" as shorthand for "applying for registration,"[4] this practice does not render § 411(a)'s use of the term "registration" ambiguous, particularly when it is read in context with the rest of that statutory provision. If Congress intended to make the application for registration the prerequisite for bringing

---

[4] For example, one might colloquially say, "I registered to vote" or "I registered for classes" after submitting their voting registration and course bidding. However, the voter will not be registered until the Bureau of Elections process his forms and adds him to the registry. Likewise, the student is not registered for a particular course until she is enrolled in that course.

8

a lawsuit instead of registration itself, it could have stated so in plain language by specifying that no civil action could be instituted until "an *application* for preregistration or registration" has been made. Congress demonstrated that it was aware of the distinction between "applying for registration" and "registration" in the second sentence of the same statutory provision. The second sentence of § 411(a) provides, "In any case, however, where *the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused*, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights." 17 U.S.C. § 411(a) (emphasis added). The application approach asks courts to interpret § 411(a)'s use of the term "registration" in the first sentence to have the same meaning as the phrase "deposit, application, and fee required for registration" in the second sentence. Where Congress uses different language within the same statute, it presumably does so intentionally for the purpose of conveying different meanings. *Cf. Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citation omitted)).

Moreover, if the court were to adopt the application approach, the word "registration" would have different meanings within the same statute. In the phrase "deposit, application, and fee required for registration," the term "registration" must be read to have its ordinary meaning. If the court gave the term the meaning advocated by the application approach, the phrase would include an untenable redundancy—the

9

phase would be read to say, "the . . . *application* . . . required for [the *application* for] registration."  The application is for registration, not for another application.  Second, if delivery of the deposit, application, and fee were enough to constitute registration, then it would be impossible for the registration to be refused because it would have already occurred.  Accordingly, the term "registration" must be construed to have its plain meaning in the second sentence of § 411(a), and the application approach advocated for by Plaintiffs would, therefore, require the court to read the term "registration" to have different meanings within the same statute.

   The circuit opinions adopting the application approach do not dissuade the court from finding § 411(a)'s use of the term "registration" to unambiguously carry its plain meaning.  The Fifth and Seventh Circuits adopted the application approach without providing any analysis of the statutory text.  *See Chicago Bd. of Educ.*, 354 F.3d at 631; *Apple Barrel Prods.*, 730 F.2d at 386-87.  The Ninth Circuit provided more robust analysis in adopting the application approach.  It reasoned that some subsections of the Copyright Act, 17 U.S.C. § 101 *et seq.* support the registration approach, but other subsections "cast doubt on this interpretation." *Consmetic Ideas, Inc.*, 606 F.3d at 617.  The Ninth Circuit found that "§ 408 blurs the line between application and registration and favors the application approach."  *Id.*  Section 408(a) states that "the owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim by delivering to the Copyright Office the deposit specified by this section, together with the application and fee."  17 U.S.C. § 411(a).  Whereas the application approach creates untenable conflict within § 411(a) itself, giving "registration" its ordinary meaning in § 408 creates no such conflict.  Section 408 sets forth the actions that applicants

must take in order to register their claims, but it does not necessarily follow that delivery of the deposit, application, and fee constitutes registration. As discussed above, § 410(a) unambiguously puts the impetus on the Register of Copyrights to register the copyright claim "after examination" and determining that the "the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met." 17 U.S.C. § 410(b); *see also* 17 U.S.C. § 410(b) ("In any case in which the Register of Copyrights determines that . . . the material deposited does not constitute copyrightable subject matter or that the claim is invalid for any other reason, *the Register shall refuse registration* . . . ." (emphasis added)).

The Ninth Circuit also found that § 410(d) "could be read as supporting either the application or registration approach." *Cosmetic Ideas,* 606 F.3d at 618. Section 410(d) states, "The effective date of a copyright registration is the day on which an application, deposit, and fee, which are *later determined* by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d) (emphasis added). Contrary to the Ninth Circuit's conclusion, § 410(d) squarely supports the registration approach. This section unambiguously states that the Copyright Office receives the application, deposit, and fee at a time prior to when the application, deposit, and fee "are later determined . . . to be acceptable for registration." 17 U.S.C. § 410(d).

After finding the statutory language unclear, the Ninth Circuit found "it necessary to go beyond the [Copyright] Act's plain language to determine which approach better carries out the purpose of the statute. *Cosmetic Ideas*, 606 F.3d at 618. Because the

11

court concludes that the plain meaning of § 411(a) unambiguously supports the registration approach, the court will not look beyond the statutory language.  *United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001) ("[T]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." (internal quotation marks omitted)).

Plaintiffs admit in their complaint that Doyle is still "awaiting the issuance of a registration."  (Dkt. # 1, Pg. ID 3.)  Accordingly, Plaintiffs have failed to allege registration as required by § 411(a), and the court will grant Signature Group's and the Dykes' motions to dismiss for failure to state a claim.

### C. Attorney Fees Will Not Be Awarded to Either Party

The Dykes seek reasonable attorneys fees and costs in their motion to dismiss (Dkt. # 15, Pg. ID 55) and Plaintiffs request attorneys' fees and costs in their response to the motions to dismiss. (Dkt. # 17, Pg. ID 76.)  17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  The Supreme Court has recognized a list of nonexclusive factors to help guide a court's determination as to attorneys' fees and costs.  "These factors include frivolousness, motivation, objective unreasonableness . . . , and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (internal quotation marks omitted). The dispute resolved by this opinion and order involved a question of statutory interpretation that has created a circuit split and for which there was no governing Sixth

Circuit precedent. The court, therefore, finds Plaintiffs' failure to allege copyright registration reasonable under the circumstances and chooses not to award attorneys' fees or costs to either party.[5]

### III. CONCLUSION

IT IS ORDERED that Defendant Signature Group of Livingston, Inc.'s Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) is GRANTED (Dkt. # 13), and that Co-Defendants Kevin Dyke and Kelly Dyke's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ., P. 12(b)(6) is GRANTED (Dkt. # 15).

IT IS FURTHER ORDERED that this action is dismissed without prejudice as to Defendants Signature Group of Livingston, Inc., Kevin Dyke, and Kelly Dyke.

IT IS FURTHER ORDERED that Defendants Kevin Dyke and Kelly Dyke's request for attorneys' fees and costs is DENIED, and that Plaintiffs Doyle Homes, Inc. and Jeffrey Doyle's request for attorneys' fees and costs is DENIED. Defendants Kevin Dyke and Kelly Dyke's request that they be permitted to enter the Answer, Affirmative Defenses, and Counter-Complaint is DENIED as moot.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 19, 2014

---

[5] The Dykes request that, if their motion to dismiss is denied, "they then be permitted to enter . . . [their] Answer, Affirmative Defenses and Counter-Complaint within a timeframe specified by the Court." (Dkt. # 15, Pg. ID 55; *see* Dkt. # 15-1, Pg. ID 57-67.) The court will deny this request as moot in view of the granting of the Dyke's motion to dismiss.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 19, 2014, by electronic and/or ordinary mail.

                                                 s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522